IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL GEOFFREY PETERS,      )<br>     #2019190,                                 )<br>          Plaintiff,                            )<br>vs.                                                 )<br>                                                     )<br>BAYLOR COLLEGE OF                 )<br>MEDICINE, et al.,                         )<br>          Defendants.                       )   | No. 3:22-CV-1854-M (BH)<br><br><br><br>Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the plaintiff's *Application to Proceed in Forma Pauperis*, received on August 22, 2022 (doc. 3), should be **DENIED**, and his claims should be summarily **DISMISSED** as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g) unless he timely pays the full filing fee for this case.

### I.  BACKGROUND

Michael Geoffrey Peters (Plaintiff), an inmate in the Texas Department of Criminal Justice, filed a complaint signed on his own behalf as well as that of his minor son, received on August 22, 2022. (*See* doc. 2.)[2] He contends that the defendants fabricated his son's medical records to be used as evidence against him in child custody proceedings, and that they bribed and paid political campaigns to judges and other government officials to cover up their crimes and have him wrongfully imprisoned. (*Id.* at 3-6.)[3] He also claims that their intention is to have him murdered by false imprisonment or heat-related death. (*Id.* at 6.) Plaintiff asserts causes of action for criminal

---

[1]  By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

[2]  Plaintiff later amended his complaint to remove the claims on behalf of his son. (*See* doc. 6.)

[3]   Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

conspiracy, child abduction, violation of the Racketeering Influence and Corrupt Organizations (RICO) Act, perjury, and fraud, and he seeks $300,300,000,000 in damages. (*Id.* at 3, 6.) He also seeks to proceed *in forma pauperis*. (*See* doc. 3.) No process has been issued.

## II. THREE STRIKES

As a prisoner seeking to proceed without prepayment of fees, Plaintiff's action is subject to review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915. One of the major changes promulgated by the PLRA is the "three-strikes" provision in § 1915(g). It provides that inmates may not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

Plaintiff has had at least three prisoner civil actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, including one that he recently also filed on behalf of himself and his minor, and has incurred monetary sanctions. *See Peters v. United States Republican Party,* No. H-22-893, (S.D. Tex. July 19, 2022) (listing 13 prior civil actions filed by Plaintiff that were dismissed as frivolous or for failure to state a claim, denying leave to proceed without prepayment of fees, and dismissing the case under the three strikes rule); *see also Peters v.United States*, No. 4:22-cv-617, 2022 WL 945614, at * 1 (S.D. Tex. Mar. 14, 2022) (noting that "[c]ourt records confirm that [Plaintiff], who has filed more than 70 civil actions and appeals in the federal courts while incarcerated, has incurred well over three strikes for filing frivolous and malicious cases" as well as "monetary sanctions for his abuse of judicial resources"). Under § 1915(g), he may not proceed without the prepayment of fees unless he shows that he is subject to

2

imminent danger of serious physical injury. Plaintiff's filing makes no allegations suggesting that he is in imminent danger of serious physical injury. He must therefore prepay the filing fee before he may proceed with his case.

### III.  RECOMMENDATION

Plaintiff's motion to proceed without prepayment of fees should be **DENIED**, and his complaint should be summarily **DISMISSED** without prejudice under 28 U.S.C. § 1915(g) unless he pays the full $402 filing fee[4] prior to acceptance of this recommendation, or before a deadline otherwise established by the Court.

**SO RECOMMENDED this 3rd day of October, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[4] A $52 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account; the $52 administrative fee will not be deducted. *Id.*

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                      IRMA CARRILLO RAMIREZ
                      UNITED STATES MAGISTRATE JUDGE